UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| HELEN R. REYES,<br><br>Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>Defendant. | Case No.: 6:19-cv-00534<br><br>CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES |

### DEFENDANT, CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Credit Control LLC ("Credit Control") by and through its undersigned counsel, hereby answers the Complaint of Plaintiff, Helen R. Reyes ("Plaintiff"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

**ANSWER: Admitted in part and denied in part. Credit Control admits that Plaintiff filed the above cause of action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 et seq., but denies the conclusory allegations in Paragraph 1 and denies any violations of the FDCPA or TDCA or other laws that could reasonably entitle Plaintiff to the recovery of any relief from Credit Control.**

1

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

**ANSWER: Admitted in part and denied in part. Credit Control admits that Plaintiff filed the above cause of action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), but denies the conclusory allegations in Paragraph 2 and denies any violations of the FDCPA or other laws that could reasonably entitle Plaintiff to the recovery of any relief from Credit Control. The remainder of the allegations in Paragraph 2 contain conclusions of law to which no response is required.**

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**ANSWER: The allegations in Paragraph 3 constitute conclusions of law to which no response is required.**

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Milam County, Texas, which is located within the Western District of Texas.

**ANSWER: Upon information and belief, admitted.**

5. Plaintiff is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER: The allegations in Paragraph 5 constitute conclusions of law to which no response is required. To the extent an answer is required, upon information and belief, admitted.**

6. Defendant promotes that its "history in the collections industry started in 1989 and currently serves over 450 clients."[1] Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

**ANSWER: Credit Control only admits that it is a limited liability company organized under the laws of the State of Missouri, has a principal place of business at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042, and regularly collects from individuals located in the State of Ohio. The remainder of the allegations in Paragraph 6 are quotes taken from Credit Control's website, which speaks for itself.**

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

**ANSWER: The allegations in Paragraph 7 constitute conclusions of law to which no response is required.**

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**ANSWER: Denied.**

FACTS SUPPORTING CAUSES OF ACTION

9. The instant action arises out of Defendant's attempts to collect upon a defaulted credit card debt ("subject debt") Plaintiff purportedly owes to Capital One Financial Corporation ("Capital One").

---

[1] https://www.credit-control.com/about-us/who-we-are/

**ANSWER: Objection.  The allegations in Paragraph 9 contain legal conclusions to which no response is required.  Credit Control admits only that it was attempting to collect a valid and owing debt owed to LVNV Funding, LLC previously owed to Capital One, N.A.**

10. Around February of 2019, Plaintiff began receiving calls to her cellular phone, (512) XXX-8963, from Defendant.

**ANSWER: Credit Control admits only that it attempted to reach Plaintiff on number ending in 8963 after the account was placed with Credit Control on or about 12/19/2018.  Credit Control denies each and every allegation not admitted herein.**

11. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -8963.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

**ANSWER: Credit Control lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 11, therefore denied.**

12. Defendant has used several phone numbers to contact Plaintiff's cellular phone, including but not limited to: (844) 426-6072 and (877) 395-3540.

**ANSWER:  Credit Control admits only that it utilized number 844-426-6072 and 877-395-3540 to contact Plaintiff.  Credit Control denies each and every allegation in Paragraph 12 not admitted herein.**

13. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

**ANSWER:  Admitted.**

14. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject debt.

170.0013 Answer and Affirmative Defenses.docx

**ANSWER:  Denied.**

15. Plaintiff informed Defendant of her intent to file for bankruptcy and demanded that Defendant cease contacting her.

**ANSWER: Denied.**

16. Plaintiff also provided Defendant with her bankruptcy counsel's contact information and asked that it contact her bankruptcy attorney instead.

**ANSWER: Denied.**

17. Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed not less than 25 phone calls to Plaintiff's cellular phone.

**ANSWER: Denied.**

18. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

**ANSWER: Credit Control lacks sufficient information or knowledge to admit or deny the allegations in Paragraph 18, therefore denied.**

19. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

**ANSWER: Denied.**

20. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

**ANSWER: Denied.**

170.0013 Answer and Affirmative Defenses.docx

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff repeats and realleges paragraphs 1 through 20 as though full set forth herein.

**ANSWER: No response is required to this Paragraph, as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth herein at length.**

22. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

**ANSWER: The allegations in Paragraph 22 constitute conclusions of law to which no response is required.**

23. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

**ANSWER: The allegations in Paragraph 23 constitute conclusions of law to which no response is required.**

24. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2007.[2]

**ANSWER: Credit Control only admits it is engaged in the business of collecting or attempting to collect valid and owing debts owed to another and has been a member of the ACA since 2007. The remainder of the allegations in Paragraph 24 constitute conclusions of law to which no response is required and accordingly each and every remaining allegation is denied.**

---

[2] https://www.acainternational.org/search#memberdirectory

170.0013 Answer and Affirmative Defenses.docx

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

**ANSWER: The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent that an answer is required, Defendant is without sufficient information to admit or deny the remaining allegations and accordingly Defendant denies each and every remaining allegation of this paragraph.**

    a. Violations of FDCPA §1692c and §1692d

26. The FDCPA, pursuant to 15 U.S.C. §1692c(a)(2), prohibits a debt collector from "communicat[ing] with a consumer in connection with the collection of a debt if the debt collector knows the consumer is represented by an attorney…"

**ANSWER: The allegations in Paragraph 26 constitute conclusions of law to which no response is required.**

27. Defendant violated c(a)(2) when it repeatedly called Plaintiff, despite having knowledge that Plaintiff was represented by an attorney.

**ANSWER: Denied.**

28. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

**ANSWER: The allegations in Paragraph 28 constitute conclusions of law to which no response is required.**

29. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

**ANSWER: Denied.**

    **b. Violations of FDCPA § 1692e**

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

**ANSWER: The allegations in Paragraph 30 constitute conclusions of law to which no response is required.**

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

**ANSWER: The allegations in Paragraph 31 constitute conclusions of law to which no response is required.**

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its

8

conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

**ANSWER: Denied. Further, the allegations in Paragraph 32 constitute conclusions of law to which no response is required.**

    c. Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

**ANSWER: The allegations in Paragraph 33 constitute conclusions of law to which no response is required.**

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

**ANSWER: Denied. The allegations in Paragraph 34 constitute conclusions of law to which no response is required.**

35. As pled in paragraphs 18 through 20, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

**ANSWER: Denied.**

WHEREFORE, Plaintiff, HELEN R. REYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**WHEREFORE, Credit Control denies that it violated the FDCPA and denies liability to Plaintiff. Credit Control denies that Plaintiff is entitled to recovery of any damages as Credit Control did not violate the law and was not a proximate or direct cause of any perceived harm claimed to Plaintiff. Credit Control denies that Plaintiff is entitled to an award of costs, including attorneys' fees, unless and until Plaintiff is deemed a prevailing party in this action. To the extent that the Wherefore Clause contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Credit Control violated any law or is liable to Plaintiff, Credit Control denies same.**

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

**ANSWER: No response is required to this Paragraph, as Plaintiff is merely incorporating the allegations in prior paragraphs by reference. To the extent that a response is deemed necessary, Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth herein at length.**

37. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

10

**ANSWER: The allegations in Paragraph 37 constitute conclusions of law to which no response is required.**

38. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

**ANSWER: The allegations in Paragraph 38 constitute conclusions of law to which no response is required.**

39. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**ANSWER: The allegations in Paragraph 39 constitute conclusions of law to which no response is required.**

    a. **Violations of TDCA § 392.302**

40. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

**ANSWER: The allegations in Paragraph 40 constitute conclusions of law to which no response is required.**

41. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 25 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

170.0013 Answer and Affirmative Defenses.docx

**ANSWER: Denied.**

42. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome. Upon information and belief, Defendant consciously chose to continue to harass Plaintiff because it was aware of Plaintiff's intent to file for bankruptcy. Consequently, it was Defendant's goal to extract payment from Plaintiff through its coercive tactics before Plaintiff filed her bankruptcy petition.

**ANSWER: Denied.**

      **b. Violations of TDCA § 392.304**

43. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

**ANSWER: The allegations in Paragraph 43 constitute conclusions of law to which no response is required.**

44. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

**ANSWER: Denied.**

45. WHEREFORE, Plaintiff, HELEN R. REYES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

   c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

   d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

   e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

   f. Enjoining Defendant from further contacting Plaintiff; and

   g. Awarding any other relief as this Honorable Court deems just and appropriate.

**WHEREFORE, Credit Control denies that it violated the TDCA and denies liability to Plaintiff. Credit Control denies that Plaintiff is entitled to recovery of any damages as Credit Control did not violate the law and was not a proximate or direct cause of any perceived harm claimed to Plaintiff. Credit Control denies that Plaintiff is entitled to an award of costs, including attorneys' fees, unless and until Plaintiff is deemed a prevailing party in this action. To the extent that the Wherefore Clause contain conclusions of law, no response is required. To the extent that Plaintiff suggests that Credit Control violated any law or is liable to Plaintiff, Credit Control denies same.**

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**Credit Control denies that it engaged in any violation of law or other wrongdoing, denies that it violated the FDCPA or the TDCA or is otherwise liable under the FDCPA or TDCA. Nevertheless, any alleged violation of the FDCPA or TDCA would not have resulted in any actual damages suffered by the Plaintiff. Plaintiff therefore suffered no injury in fact, and any alleged injury in fact, the existence of which is expressly denied, would not be fairly**

traceable to the purported conduct of Credit Control. Accordingly, Plaintiff lacks standing to bring this action.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed with prejudice for lack of standing or capacity to sue.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, res judicata, release, accord and satisfaction, or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims must fail to the extent Plaintiff has failed to mitigate his damages, if any.

## FIFTH AFFIRMATIVE DEFENSE

Plead in the alternative, To the extent that Plaintiff's factual and legal allegations are true, which is expressly denied, any violation of the law occurred as the result of a bona fide error notwithstanding procedures reasonably adapted to avoid such an error.

## SIXTH AFFIRMATIVE DEFENSE

Credit Control affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling Credit Control to an award of attorneys' fees reasonable in relation to the work expended and costs.

## SEVENTH AFFIRMATIVE DEFENSE

Credit Control reserves the right to amend its answer and affirmative defenses herein by adding additional parties, affirmative defenses, counterclaims, cross-claims, and/or third-party claims, as additional investigation, discovery or circumstances warrant.

**WHEREFORE, Defendant, Credit Control, LLC, respectfully requests this Honorable Court enter judgment in its favor, dismiss Plaintiff's Complaint, and grant any and all other relief as the Court deems is just and equitable.**

Dated: November 11, 2019.

Respectfully submitted,

**MALONE FROST MARTIN PLLC**

*/s/ Robbie Malone*
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
PATRICK A. WATTS
State Bar No. 61701
Email: pwatts@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
COOPER M. WALKER
State Bar No. 24098567
Email: cwalker@mamlaw.com
**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***COUNSEL FOR DEFENDANT***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Credit Control, LLC's Answer & Affirmative Defenses was served on this 11th day of October 2019 via ECF to the following:

Nathan C. Volheim, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Taxiarchis Hatzidimitriadis, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com

/s/ Patrick Watts
PATRICK A. WATTS